IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPUTERSHARE TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BMO 2022-C3 MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2022-C3,<br><br>          Plaintiff,<br><br>    v.<br><br>2015 WALNUT STREET OWNER LLC<br>          Defendant. | CIVIL ACTION<br><br><br><br>NO.  25CV2961 |

**MEMORANDUM OPINION**

Plaintiff Computershare Trust Company, National Association, in its capacity as trustee for certain mortgage note holders ("Computershare") brings this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 against Defendant 2015 Walnut Street Owner, LLC, seeking foreclosure of a mortgage.[1]

A party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

---

[1] Faced with a substantially identical record in a related case involving the same real estate developer, Abe Cohen, this Court recently entered summary judgment for the plaintiff-lender in *PHL6 LLC v. Pennbrook Portfolio CC, LLC*, No. 25CV247, 2026 WL 906166 (E.D. Pa. April 2, 2026).

1

"A disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law," *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 771 (3d Cir. 2009) (citation omitted), and an issue of material fact is "genuine," and thus warrants trial, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248-49, 252.  In evaluating a summary judgment motion, the facts are viewed in the light most favorable to the nonmoving party, and any reasonable inferences must be made in that party's favor.  *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party has the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The non-moving party must then present affirmative evidence from which a reasonable trier of fact could return a verdict in its favor.  *Anderson*, 477 U.S. at 257.

Here, 2015 Walnut Street Owner, the non-moving party, never filed a response to Computershare's Motion.[2]   Although the Court may treat the Motion as uncontested pursuant to the local rules of civil procedure, *see* Local Rule 7.1(c) ("In the absence of a timely response, the motion may be granted as uncontested . . ."), in the case of a motion for summary judgment, the Court "may not grant an uncontested summary judgment motion without an independent determination that the movant is entitled to judgment under Fed. R. Civ. P. 56."  *See B&B Fin. Servs. LLC v. Kallock*, 2006 WL 2869529, at *1 (E.D. Pa. Oct. 4, 2006); *see also Hitchens v. County of Montgomery*, 98 Fed. App'x 106, 110 (3d Cir. 2004) ("[W]here a movant has the

---

[2] 2015 Walnut Street Owner's deadline to respond to the Motion for Summary Judgment was May 18, 2026. *See* Policies and Procedures, Beetlestone, C.J. at 7 (April 2025) ("For cases pending before Judge Beetlestone, parties have twenty-one (21) days after service of . . . a motion for summary judgment under Federal Rule of Civil Procedure 56 to file their response.").

burden of proof and a non-movant does not respond to a motion at all, a district court must still find that summary judgment is 'appropriate' under FRCP 56(c)").  Still, "[b]y failing to respond . . . 'the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion.'"  *Kallock*, 2006 WL 2869529, at *1 (citing *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003)).  Thus, where a party fails to respond, the Court may consider the facts stated in the motion for summary judgment "undisputed for purposes of the motion."  *See Goodwin v. Kope*, CIV. A. No. 13-1290, 2016 WL 3087389, at *2 (E.D. Pa. June 2, 2016); *Glover v. Jacobs*, 2025 WL 623650, at *2 (E.D. Pa. Feb. 25, 2025), *aff'd*, 2026 WL 810639 (3d Cir. Mar. 24, 2026) ("When the non-movant does not respond to the motion for summary judgment, we may consider the facts to be undisputed.").

  With that in mind, Federal Rule of Civil Procedure 56(c) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  Computershare's Statement of Undisputed Facts adequately cites to materials in the record, including the declaration of Matthew Furay, a servicing officer primarily responsible for administering and servicing the Loan on Computershare's behalf.  The facts stated by Computershare in its submissions reflect that on August 2, 2022, LMF Commercial, LLC (the "Original Lender"), issued to 2015 Walnut Street Owner a commercial mortgage loan in the principal amount of $2,700,000.00 (the "Loan").  The Loan is evidenced by a Promissory Note of the same date, executed by 2015 Walnut Street Owner in favor of the Original Lender (the "Note").

To secure repayment of the Note, 2015 Walnut Street Owner executed in favor of the Original Lender an Open-End Mortgage, Security Agreement and Fixture Filing (the "Mortgage"), effective August 2, 2022.  The Mortgage encumbers real property owned by 2015 Walnut Street Owner, located at 2015 Walnut Street, Philadelphia, Pennsylvania 19103 (the "Property").  After origination, the Loan was assigned multiple times, ultimately securitized, and then assigned to Computershare.

Under the terms of the Loan Agreement, 2015 Walnut Street Owner was required to make a "Monthly Debt Service Payment," meaning "an amount equal to all interest that is scheduled to accrue on the Outstanding Principal Balance during the Accrual Period in which each such Payment Date occurs."[3]  These payments were due on the sixth day of each month. The Loan Agreement specifies that if "any monthly Debt Service . . . is not paid when due," an Event of Default occurs.  Upon the occurrence and continuance of an Event of Default, the Loan Agreement authorizes the Lender, "without notice or demand," to take action including, "declaring the Debt to be immediately due and payable," and "enforc[ing] or avail[ing] itself of any or all rights or remedies . . . including . . . all rights or remedies available at law or in equity."  The Mortgage likewise provides that, upon the occurrence of an Event of Default, the Lender may, among other things, "declare the entire unpaid Debt to be immediately due and payable" and "institute proceedings, judicial or otherwise, for the complete foreclosure of this Security Instrument under any applicable provision of law."

Since the origination of the Loan, 2015 Walnut Street Owner was delinquent in making

---

[3] Pursuant to the Loan Agreement, during the "Initial Accrual Period," which extends through the Loan's maturity date of August 6, 2032, 2015 Walnut Street Owner was obligated to pay interest only and was not required to make payments toward the principal balance.  On the maturity date, August 6, 2032, the entire outstanding principal balance would become due.

its required monthly payments.  Then, after December 2024, 2015 Walnut Street Owner ceased making payments entirely.

On April 14, 2025, Computershare, through counsel, issued a Notice of Default and Demand for Payment to 2015 Walnut Street Owner.  The Notice of Default stated that "in the event that delinquent amounts are not paid in full within seven days of the date of [the] notice, at the option of lender, the debt may be accelerated and declared to be immediately due and payable and demand made for the immediate and full payment of same, and lender may exercise such other and further rights, including but not limited to foreclosure and its other remedies under the loan documents, as Lender in its discretion may deem appropriate."

Despite the Notice of Default, 2015 Walnut Street Owner failed to cure the default by paying the amounts due to Computershare.  On April 28, 2025, Computershare, through counsel, issued a Notice of Acceleration to 2015 Walnut Street Owner advising that "the Debt secured by the Mortgage is hereby accelerated and declared to be immediately due and payable" and that "demand is hereby made of [2015 Walnut Street Owner] for the immediate and full payment of the Debt."

Computershare thereafter filed this mortgage foreclosure action against 2015 Walnut Street Owner, alleging that 2015 Walnut Street Owner defaulted on the commercial mortgage by failing to pay the amounts due under the Loan.

Generally, in foreclosure actions, federal courts apply the law of the state in which the property is located, which here is Pennsylvania.  *See US Bank NA as Tr. for Registered Holders of J.P. Morgan Chase Com. Mortg. Sec. Corp. v. B R Penn Realty Owner LP*, 137 F.4th 104, 107 (3d Cir. 2025) ("Mortgage foreclosures are typically governed by state law . . ."); *Chuong Van*

*Tran v. SN Servicing Corp.*, 2018 WL 1875221, at *2 (E.D. Pa. Apr. 18, 2018).[4]  Under

Pennsylvania law "[t]he holder of a mortgage has the right, upon default, to bring a foreclosure

action." *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (citing *Cunningham*

*v. McWilliams*, 714 A.2d 1054, 1056-57 (Pa. Super. 1998)).

At the summary judgment stage, a court may grant summary judgment to a mortgagee-

plaintiff in a foreclosure action "if there is no issue of material fact as to whether (1) the

mortgage is in default; (2) defendant has failed to pay interest on the mortgage; and (3) the

recorded mortgage is in the amount specified by plaintiff mortgagee." *U.S. Bank Nat. Ass'n v.*

*Lighthouse Whitehall Commons, LLC*, 2012 WL 4473232, at *4 (E.D. Pa. Sept. 28, 2012) (citing

*Landau v. Western Pennsylvania National Bank,* 282 A.2d 335, 340 (Pa. 1971)).  Here,

Computershare's statement of facts establishes that 2015 Walnut Street Owner became

delinquent on its payment obligations and ultimately ceased making payments, resulting in

default under the loan agreement.  In addition, 2015 Walnut Street Owner has failed to pay

interest on the mortgage, and the recorded mortgage is in the amount specified by

Computershare: $2,700,000.00.  Accordingly, summary judgment is warranted, and foreclosure

is proper.[5]

As part of its motion for summary judgment, Computershare seeks legal fees and

expenses in the amount of $65,809.07 pursuant to the Mortgage, which provides that "Borrower

---

[4] The Mortgage provides that this foreclosure action should be governed by "the law of the state in which the property is located."

[5] Computershare has also moved to appoint a receiver.  Because summary judgment on the foreclosure claim will be granted, Computershare's Motion to Appoint a Receiver will be denied as moot, without prejudice to Computershare's right to refile a motion detailing any exacerbation of risk occasioned by new circumstances.  *See*, *e.g.*, *Wells Fargo Bank, Nat'l Ass'n as Tr. for Registered Holders of J.P. Morgan Chase Com. Mortg. Sec. Corp., Multifamily Mortg. Pass-through Certificates, Series 2017-K724 v. MM-FCDC Partners, L.P.*, 2025 WL 2087784, at *7 (E.D. Pa. July 24, 2025) ("I will deny [Plaintiff's] Motion to Appoint a Receiver without prejudice because I am granting summary judgment on foreclosure at this time, but [Plaintiff] may renew if this relief proves inadequate.").

shall pay to Lender on demand any and all actual expenses, including legal expenses and reasonable attorneys' fees, incurred or paid by Lender in protecting its interest in the Property or in collecting any amount payable hereunder or in enforcing its rights hereunder with respect to the Property (including commencing any foreclosure action)."

Under Pennsylvania law, "parties may contract to provide for the breaching party to pay the attorney fees of the prevailing party in a breach of contract case" as long as such fees are "reasonable." *McMullen v. Kutz*, 603 Pa. 602, 985 A.2d 769, 776–77 (2009). The party seeking attorneys' fees bears "the burden . . . to justify a fee request." *Carmen Enters., Inc. v. Murpenter, LLC*, 185 A.3d 380, 390 (Pa. Super. 2018) (citation omitted).

In determining the reasonableness of attorneys' fees, Pennsylvania courts consider "the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question." *In re LaRocca's Tr. Est.*, 246 A.2d 337, 339 (Pa. 1968). Here, Computershare submitted invoices documenting the hours worked and rates charged, along with an affidavit from its attorney attesting to the reasonableness of those rates. Counsel states that "[t]he amount of $65,809.07 in attorneys' fees and related expenses sought by [Computershare] is reasonable in light of the legal issues involved, the work that was done (including preparation of the complaint, a request for entry of default and a pending motion to appoint a receiver), counsel's professional standing and experience, and the amount likely to be recovered . . . $3,765,743.02 exclusive of attorneys' fees

and costs." This Court finds Computershare's request reasonable. The amount sought is less than 2% of the judgment and reflects 59.4 hours of work by a reputable law firm, including reviewing the loan documents, issuing notices of default and acceleration, and preparing and filing the complaint and multiple motions. Accordingly, an award of attorneys' fees is proper.

An appropriate order follows.

BY THE COURT:

S/ WENDY BEETLESTONE
_____
WENDY BEETLESTONE, C.J.